**Matt MATTHEWS, Appellant,**

v.

**Suzanne KINCAID, Diane Albert, Heritage Homes & Investments, Inc., Appellees.**

**No. S–1558.**

Supreme Court of Alaska.

Dec. 4, 1987.

David Rankine, Law Offices of William L. McNall, Anchorage, for appellant.

Darrel J. Gardner, Kemppel, Huffman and Ginder, P.C., Anchorage, for appellee Suzanne K. Kincaid.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

Appellant Matt Matthews listed his four-plex for sale with Century 21 Heritage Homes & Investments, where he was a real estate broker. The property had no off-street parking. Matthews filled out a listing agreement, in which he left the space next to "parking units" blank. He submitted an "as-built" survey of the lot, which showed no available parking. He also submitted a subdivision plat, which clearly distinguished his lot from adjacent lots with off-street parking.

Appellee, Suzanne Kincaid, purchased the property for $155,000. Kincaid never spoke to Matthews, but dealt with another Century 21 agent, Diane Albert. When Albert first showed Kincaid the four-plex, she assured Kincaid that parking was available in the parking lot of the six-plex next

door. Kincaid thought that this was an odd arrangement, as the lot seemed too small for ten cars, and was separated from the four-plex by a chain link fence. However, Albert repeated her representation as to parking when she and Kincaid visited the four-plex a second time.

Albert subsequently contacted Matthews to determine whether parking was available for the four-plex. Matthews gave her the "pat answer" that he furnished to all prospective tenants, buyers, and agents: that parking was available on the street for 22 out of 24 hours a day. There was conflicting testimony at trial as to whether Albert later communicated this information to Kincaid. Albert claimed that she did correct her earlier misrepresentations as to off-street parking. Kincaid disagreed and testified that she believed that the lot next door was available for parking when she closed the sale.

After she purchased the property, one of Kincaid's tenants told her that they were being told not to park in the lot next door. About a year after the purchase, the city closed the street on which the property was located to parking and towed away several of the tenants' cars. The property was subsequently foreclosed by the holder of the first deed of trust which Kincaid had assumed.

Kincaid subsequently brought suit against Matthews, Albert, and Century 21, seeking damages for the fraudulent or negligent misrepresentation that the property contained off-street parking. She settled with Albert and Century 21 prior to trial. The case proceeded to trial against Matthews alone on three theories: first, that he committed fraud; second, that he negligently misrepresented the availability of parking; and third, that he was legally responsible for the misrepresentations made by his agent, Diane Albert. A jury found that Matthews committed both fraudulent and negligent misrepresentation, and awarded Kincaid a total of $98,258.20 in damages. The superior court denied Matthews' motions for judgment notwithstanding the verdict and for a new trial.

Matthews appeals, arguing that there was insufficient evidence of misrepresentation or fraud to sustain the jury verdict,[1] or to justify instructions on those subjects.

To prevail in an action for fraudulent or negligent misrepresentation the plaintiff must prove the existence of either an affirmative misrepresentation or an omission where there is a duty to disclose.[2] The parties agree that Matthews made no affirmative misrepresentations. Kincaid therefore had to prove that Matthews had a duty to disclose certain information which he failed to disclose.

The Restatement (Second) of Torts suggests that a duty to disclose will arise in five situations.[3] Each involves facts that

---

1. Kincaid contends that Matthews failed to preserve this issue for appeal when he failed to move for a directed verdict on the basis of insufficient evidence. Alaska R.Civ.P. 50(b) requires such a motion before a judgment notwithstanding the verdict may be entered. *Clark v. City of Seward,* 659 P.2d 1227, 1229–30 (Alaska 1983). We thus review only the question whether the jury should have been instructed on the issues of misrepresentation and fraud.

2. *Turnbull v. LaRose,* 702 P.2d 1331, 1334 (Alaska 1985) (one who fails to disclose a fact that he knows may justifiably induce another to act, or to refrain from acting, in a business transaction, is liable for misrepresentation "if but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question."); *Bevins v. Ballard,* 655 P.2d 757, 760 (Alaska 1982) (duty to provide accurate information once one decides to speak).

3. Section 551(2) provides:

    (2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,

    (a) matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them; and

    (b) matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading; and

    (c) subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so; and

    (d) the falsity of a representation not made with the expectation that it would be acted upon, if he subsequently learns that the other

are concealed or unlikely to be discovered because of the special relationship between the parties, the course of their dealings, or the nature of the fact itself. A duty to disclose is rarely imposed where the parties deal at arm's length and where the information is the type which the buyer would be expected to discover by ordinary inspection and inquiry. *Sugarhouse Finance Co. v. Anderson*, 610 P.2d 1369, 1372 (Utah 1980); *Tokarz v. Frontier Federal Savings & Loan Assoc.*, 33 Wash.App. 456, 656 P.2d 1089, 1094–95 (1982); Restatement (Second) of Torts § 551 comment k and illustrations to comment 1 (1977) (hereinafter Restatement); W. Keeton, D. Dobbs, R. Keeton, D. Owen, *Prosser and Keeton on The Law of Torts* § 106, at 737 (5th ed. 1984).

In this case the lack of off-street parking is an obvious fact which the ordinary purchaser would be expected to discover, by ordinary inspection and inquiry, before she bought the property advertised for sale.[4] Any person who viewed the property could see that there was no parking area on Matthews' lot. Although there was a parking area in front of the multi-unit dwelling next door, it was too small to accommodate the tenants of both buildings. Further, the area was separated from Matthews' lot by a chain link fence, and therefore was not easily mistaken for Matthews' property.

Furthermore, the parties did not enjoy a relationship of trust and confidence which might require Matthews to discuss patently obvious facts such as the lack of off-street parking. Matthews and Kincaid never spoke to each other until after the sale. As seller and buyer of commercial real estate, they were bargaining adversaries who dealt entirely through the real estate agent, Diane Albert.

Finally, Matthews took no action likely to mislead Kincaid. The listing agreement that he left with the real estate agent did have a space for parking information, which Matthews left blank. His silence on this matter, however, would not lead a reasonable person to believe that she could park in the neighbor's fenced-off parking lot. Matthews furnished the real estate agent with a lot survey and a subdivision plat which clearly show the dimensions of Matthews' lot. These do not encompass the parking area next door. Thus, Kincaid acted unreasonably if she purchased the property with the belief that she was also purchasing the parking lot next door.

We see no facts which might impose on Matthews an affirmative duty to disclose the lack of off-street parking to Kincaid. The jury thus should not have been instructed on the subjects of fraud and misrepresentation. The verdict holding Matthews liable for nondisclosure is therefore set aside and the case REMANDED for further action consistent with this opinion.[5]

is about to act in reliance upon it in a transaction with him; and

    (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.

**4.** Matthews provided his brokerage firm with a single page listing agreement, which briefly described the major features of the four-plex, and a lot survey which showed the building's dimensions, stairways, a rock retaining wall, fences, and the lot boundaries. This package was not designed to give the prospective buyer all the information needed to make a sound purchasing decision. Rather, it was an invitation to consider the property for purchase. The seller could reasonably expect the prospective purchaser to view the property and make further investigations. *See* Restatement § 551 comment k (defendant may reasonably expect plaintiff to make his own investigation to the extent sanctioned by the customs of the community).

**5.** The jury returned a special verdict. One provision of the special verdict was an instruction that the issue of Matthews' vicarious liability should not be decided if Matthews was found to be liable for fraud or negligent misrepresentation. Thus, this issue must be considered on remand.