Sultan AKBARI and Stacy A. Akbari,
Plaintiffs-Appellants,

v.

Howard T. HORN and Helen D. Horn,
Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 22, 1982.

Permission to Appeal Denied by
Supreme Court Nov. 1, 1982.

William A. Dodson, Jr., Chattanooga, for
plaintiffs-appellants.

Selma Cash Paty, Paty, Rymer & Ulin,
P.C., Chattanooga, for defendants-appellees.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.
(With the concurrence of the participating
judges, the original opinion has been
abridged for publication.)

Plaintiffs appeal from a non-jury judgment dismissing their suit against defendants for damages for defects found in a building purchased by plaintiffs from defendants.

The issue in this appeal is whether the Chancellor was in error in sustaining defendants' Motion to Dismiss plaintiffs' complaint at the close of plaintiffs' case.

Even though the suit was dismissed at the conclusion of evidence presented by plaintiffs, the testimony of defendant, Howard T. Horn, was presented by plaintiffs as part of their evidence.

The subject matter of the lawsuit is a theater building in South Pittsburg, Tennessee which is about fifty (50) years old. Its roof is supported by wooden trusses. The defendant, Howard T. Horn, is a real estate broker who was engaged by the former owner of the building to sell it. Mr. Horn and his wife acquired title to the building and sold it to the plaintiffs.

In December, 1979, plaintiffs, who were then residents of Colorado, saw an advertisement of the building and became interested in buying it. At some undisclosed time they visited South Pittsburg and examined the building. Subsequently, they entered into a sales agreement with Mr. and Mrs. Horn to purchase the building for $20,000; and title was transferred to them on July 1, 1980.

Thereafter, plaintiffs applied to the county building inspector for a permit to re-roof the building; but the permit was refused because of deficiencies in the structural support of the roof. Subsequently, plaintiffs corrected the deficiencies at a cost of $13,900 and filed this suit on the premise that defendants had willfully concealed from them the structural deficiencies mentioned above.

The Chancellor's final judgment states:

The Court finds that the structural defects were not known to defendants at the time of the sale of the real estate to plaintiffs and that defendants disclosed to plaintiffs everything they knew about the condition of the building.

The Court finds defendants did not misrepresent the condition of the building.

The defendant did disclose to the plaintiffs that the roof had been leaking. Evidently the leaks in the roof had deteriorated the wooden trusses, but there is no evidence that the defendants knew of this, and Mr. Horn specifically denied any knowledge of the weakness of the trusses.

■ Appellants complain that defendants did not allow plaintiffs to repair the roof until "the deal was closed." Mr. Horn explained that he understood that it was unwise practice to allow the purchaser to incur expenses on a building before title was transferred. Under these circumstances, the refusal to allow repairs before transfer is not a circumstance of concealment.

■ Plaintiffs next insist that, if defendants did not know of the structural defect, they should have known of it. The evidence does not support such a contention. This is especially true because of the short time defendants had owned the building. Also, this Court does not understand that a seller is liable for failure to disclose that which he should have known if he did not in fact know it.

■ Plaintiffs rely upon the testimony of Mrs. Akbari as follows: "when we saw the *steal* posts there, then Howard Horn said there was damage and the *steal* posts sup-

posedly *fix* the damage, which he didn't mention structural damage." This testimony is not sufficient to establish that Mr. Horn knew about the particular deficiency on which this suit is based or that Mr. Horn represented that the roof structure was without defect.

Plaintiffs rely upon testimony of Mr. Horn that he "knew that building as well as any in South Pittsburg" and that he knew where every hole in the building was located. This evidence is not sufficient to establish that Mr. Horn knew that the roof trusses were deficient.

Appellants rely upon *Hunt v. Walker*, Tenn.App.1971, 483 S.W.2d 732. In that case the court found that the vendor represented to the purchaser that the house was in sound condition when in fact the wiring was dangerous and there was substantial termite damage. The case is distinguishable upon the facts.

Appellants rely upon *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780. In that case, the Supreme Court reversed the judgment sustaining a demurrur and remanded for a trial on the merits where a purchaser had sued a surveyor for negligence in a survey prepared for the seller with full knowledge that it would be relied upon by the purchaser. The authority is not in point in the present case.

Appellants cite *Jasper Aviation, Inc. v. McCollum Aviation, Inc.*, Tenn.1972, 497 S.W.2d 240. The Supreme Court reversed an order sustaining a motion to dismiss and remanded for trial where the complaint alleged that the seller falsely represented that the aircraft was licensed for use. No comparable representation was made in the present case, hence, the cited authority is inapplicable.

■ Appellants also rely upon *Haynes v. Cumberland Builders, Inc.*, Tenn.App.1977, 546 S.W.2d 228. In this cited case, the seller represented to the purchaser that the boundary line ran from a telephone pole at the front of the property which indicated that the driveway lay wholly upon the property. It was subsequently determined that

only one-half of the driveway lay on the property. In the cited case, there was an unequivocal representation. In the present case, there was no representation. It is true that the cited case refers to a standard of reasonable care, but this standard applies where the representation is made. That is, before a seller makes a representation, he is required to exercise reasonable care to make sure that it is correct. This Court is unaware of any rule which requires a seller to disclose all facts which he could have learned by the exercise of reasonable care.

Appellants next rely upon *Chastain v. Billings,* Tenn.App.1978, 570 S.W.2d 866, 867 wherein this Court found that the vendors and agents had misrepresented the condition of the property and that the house was so defectively constructed that the only fair and equivocal relief was rescission. The cited authority is not in point.

In a non-jury case, if the defendant moves for dismissal at the close of plaintiff's evidence, the trial court may at that time determine the facts from the evidence and render judgment of dismissal. Rule 41.02, T.R.C.P.

On appeal from a non-jury judgment, the review of findings of fact by the trial court in civil actions is de novo upon the record accompanied by a presumption of the findings of the trial court unless the preponderance of the evidence is otherwise. Rule 13(d), T.R.A.P. The evidence does not preponderate otherwise, hence, this Court concurs in all of the factual findings of the trial court.

No errors of fact or law are found in the judgment. Therefore, the judgment of the Chancellor is affirmed. The costs of this appeal are taxed against the appellant. The cause is remanded for the collection of costs and any other proceedings which may be necessary and proper.

Affirmed and remanded.

CANTRELL and CONNER, JJ., concur.