IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 23, 2001

## DE LAGE LANDEN FINANCIAL SERVICES, INC. v. EARTH LAB PRODUCTIONS, INC., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 304034 T.D.; The Honorable Kay S. Robilio, Judge**

_____

**No. W2000-02232-COA-R3-CV - Filed May 25, 2001**

_____

This appeal involves a contract dispute. The Appellant alleges that the Appellees made one payment but then failed to continue making payments as per the terms of the agreement. The Appellees, however, assert that consideration for the contract is lacking. At the close of Plaintiff's proof at trial, Defendants moved for an involuntary dismissal pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure, which the trial court granted. For the following reasons, we affirm the decision of the court below.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Joseph P. Rusnak, Nashville, for Appellant

John R. Branson, Memphis, for Appellee Linda Erickson
Ronald D. Tuech, Memphis, for Appellee Earth Lab Productions, Inc.

## OPINION

### Facts and Procedural History

This is a contract dispute. Appellant De Lage Landen Financial Services, Inc., (De Lage), is a worldwide financial company that provides customers with various financing programs. De Lage is the successor in interest to Fleet National Bank (Fleet). Earth Lab Productions, Inc., (Earth Lab), is a company that is engaged in music production. Linda Erickson, (Ms. Erickson), is the president of Earth Lab.

The facts in this case are in dispute. Ms. Erickson asserts that the transaction at issue had nothing to do with Earth Lab. Instead, Ms. Erickson asserts that the transaction arose out of her

personal desire to purchase a new vehicle. Although Ms. Erickson wanted to purchase a new car, she did not have the money to buy one. Ms. Erickson's friend, Al Brown (Mr. Brown), told her about William Wright (Mr. Wright), who was in the business of putting loans together. Mr. Brown and Ms. Erickson contacted Mr. Wright. Mr. Wright informed Ms. Erickson that her credit was not sufficient to obtain a loan through conventional means, but he stated that he could get her the loan she needed in another way. Ms. Erickson signed a "Master Lease Agreement" drafted by Fleet that purported to lease to her "1 new computer system and 1 new copy machine." The agreement obligated Earth Lab and Ms. Erickson to pay one payment of $5,176.50 and forty-eight payments in the amount of $429.03. Ms. Erickson made one payment of $5,176.50, and she received a check back for $4,700.00. Although the agreement at issue purports to be a true lease, Ms. Erickson claims that the contract was really a sale/lease back agreement, whereby cash would be provided to Earth Lab/Erickson so that Ms. Erickson could purchase a new car. Ms. Erickson asserts that Mr. Wright structured a deal whereby Earth Lab used an existing computer and a copier that it already owned in order to finance the transaction. Ms. Erickson claims that she was supposed to receive an additional $18,268.00 from Fleet National Bank, but she never received the money.

When the money that Ms. Erickson alleges she is due under the agreement was not forthcoming, Mr. Brown confronted Mr. Wright about the status of the money. According to Ms. Erickson, Mr. Wright stated that he had kept the money, but he no longer had the money. Mr. Brown supposedly had a tape recorder in his pocket and recorded the aforementioned conversation with Mr. Wright. Ms. Erickson asserts that Mr. Wright was acting as an agent of Fleet. Mr. Wright could not be found by the process server.

In contrast, De Lage asserts that Fleet and Earth Lab entered into a written Master Lease Agreement whereby Fleet financed the acquisition of a new computer and a new copier for Earth Lab. Moreover, De Lage asserts that a computer and copier were purchased and delivered to Earth Lab. Earth Lab made one payment to Fleet totaling $5,176.50. None of the other payments called for in the contract were made.

On September 3, 1999, De Lage filed suit against Earth Lab and Ms. Erickson. On November 1, 1999, De Lage filed a Motion for Default Judgment against Earth Lab. Thereafter, Earth Lab and Ms. Erickson filed answers to the complaint. After a non-jury trial on July 18, 2000, the trial court granted Earth Lab and Ms. Erickson's Motion for Involuntary Dismissal. The trial court found that De Lage had failed to present proof of any consideration flowing to either Earth Lab or Ms. Erickson.

**Standard of Review**

In pertinent part, Rule 41.02(2) of the Tennessee Rules of Civil Procedure provides:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is

not granted, may move for dismissal on the ground that upon the facts
and the law the plaintiff has shown no right to relief.

When such a motion is made, the trial court must impartially weigh and evaluate the evidence just as though it were making findings of fact and conclusions of law after presentation of all the evidence. See Atkins v. Kirkpatrick, 823 S.W.2d 547, 552 (Tenn. Ct. App. 1991). If the plaintiff's case has not been established by a preponderance of the evidence, the case should be dismissed if, on the facts found in the applicable law, the plaintiff has shown no right to relief. See id. (citing City of Columbia v. C.F.W. Constr. Co., 557 S.W.2d 734 (Tenn. 1977)).

Our review of a dismissal under Rule 41.02(2) of the Tennessee Rules of Civil Procedure is controlled by Rule 13(d) of the Tennessee Rules of Appellate Procedure. The findings of fact by the trial court in granting such a motion are accompanied by a presumption of correctness and, unless the preponderance of the evidence is otherwise, those findings must be affirmed. See College Grove Water Util. Dist. v. Bellenfant, 670 S.W.2d 229 (Tenn. Ct. App. 1984); Akbari v. Horn, 641 S.W.2d 506, 508 (Tenn. Ct. App. 1982).

**Law and Analysis**

De Lage appeals the decision of the trial court and raises the following issues, as we perceive them, for our review:

I. Whether the grant of involuntary dismissal was appropriate in this case under the provisions of Rule 41.02 of the Tennessee Rules of Civil Procedure.
II. Whether De Lage has shown a right to relief against Earth Lab and Erickson.

We will consider both of De Lage's issues together.

The trial court found that De Lage failed to show any evidence of consideration flowing to either Earth Lab or Erickson. Consideration is an essential element of a legal contract. See 17 C.J.S. *Contracts* § 2 (1999). In order to be enforceable, a contract must be supported by consideration. See Smith v. Pickwick Elec. Coop., 367 S.W.2d 775, 780 (Tenn. 1963); Frank Rudy Heirs Assocs. v. Moore & Assocs., Inc., 919 S.W.2d 609, 613 (Tenn. Ct. App. 1995); Price v. Mercury Supply Co., 682 S.W.2d 924, 933 (Tenn. Ct. App. 1984). "As a general rule a consideration is necessary to the validity of a contract." 7 TENN. JUR. *Contracts* § 29 (1997). Moreover, "the failure of consideration is a good defense to an action on a contract." Id.

"A contract has been defined over the years as an agreement, upon sufficient consideration, to do or not to do a particular thing." Smith, 367 S.W.2d at 780 (citing Furman, Green & Co. v. Nichol, 43 Tenn. 432, 445 (1866) (*rev'd on other grounds*)). A party attempting to prove the existence of a contract "is required to show that the agreement on which he relies was supported by adequate consideration. . . ." Price 682 S.W.2d at 933. "[I]n all simple contracts . . . whether written

or verbal, the consideration must be averred and proved." <u>Clark v. Small</u>, 14 Tenn. (6 Yer.) 418, 421 (1834); <u>see also</u> 17 AM. JUR. 2D *Contracts* § 125 (1965).

In the instant case, we note that De Lage's only witness stated that she had no way of knowing, other than what was written on the Fleet contract, whether there was ever an acquisition of a new computer system and new copier, or even an acquisition of anything. Additionally, we note that the agreement at issue which purports to evidence the lease of new equipment contains no serial numbers, no UCC-1 forms, nor any other reference to the equipment, such as model numbers or brand names. The contract simply described the equipment as "1 New Computer System, 1 New Copy Machine." Finally, we also note that on the $5,176.50 payment which was made by Earth Lab and signed by Ms. Erickson, the notation "Loan" appears below the memo line on the check.

De Lage presented no evidence of any consideration, whether it be equipment or money, flowing to Earth Lab or Erickson. As a result, after review of the record, we find that De Lage has shown no right to relief upon the contract. Therefore, we find no error with the trial court's grant of involuntary dismissal pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

## Conclusion

Accordingly, for the aforementioned reasons, we affirm the decision of the trial court. Costs on appeal are taxed to the Appellant, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE