# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2017

Lyle W. Cayce
Clerk

JOSEPH L. WESTBROOKS,

Plaintiff-Appellant

v.

JENIFER WHITE; OFFICER SEQUEIA WREN; WARDEN SONJA STANCIEL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:15-CV-30

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Following a disciplinary hearing, Joseph L. Westbrooks, Mississippi prisoner # 78656, was found guilty of assault and, as a result, had his custody status reclassified. Westbrooks filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants, employees of the Mississippi Department of Corrections (MDOC), had denied him due process by failing to follow

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60710

multiple MDOC policies and procedures in relation to his disciplinary proceedings, including the requirement that he be allowed to present witnesses in his defense.  The district court dismissed the complaint for failing to state a claim upon which relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and Westbrooks appealed.  Reviewing the district court's action de novo, *see Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010), we affirm.

Due process mandates that an inmate be afforded minimum procedural protections during institutional disciplinary proceedings if the resulting punishment would "impos[e] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  The mere adjustment of an inmate's custodial classification, however, does not implicate a liberty interest protected by the Due Process Clause.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Westbrooks does not contend that as a result of his reclassification he has been deprived of any privilege, such as good-time credits, that he had already accrued.  *Cf. Wolff*, 418 U.S. at 556-58; *see Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that an inmate's loss of the opportunity to earn future good-time credits does not implicate due process).  Consequently, Westbrooks fails to show that his punishment, without more, imposed atypical or significant hardship upon him requiring the provision of minimum procedural protections.  *See Sandin*, 515 U.S. at 484.  The district court thus did not err in dismissing his complaint for failing to state a claim upon which relief could be granted.  *See Green*, 623 F.3d at 280; § 1915(e)(2)(B)(ii).  Westbrooks complains that the district court dismissed his complaint without affording him the opportunity to amend; however, he fails to point to anything he would have pleaded that would alter the outcome here.

No. 15-60710

We conclude that the district court did not reversibly err. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

AFFIRMED.