**Kyle A. JUSTICE and Wife Margaret L. Justice, Plaintiffs–Appellants,**

v.

**ANDERSON COUNTY, Tennessee, Betty Lou Brooks, as County Purchasing Agent; Jerome V. Sailors, School Administrator; Howard Henegar, as Chairman of the Anderson County School Board; David O. Bolling, as County Executive, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

March 24, 1997.

Permission to Appeal Denied by Supreme Court Sept. 8, 1997.

---

Paul T. Gillenwater, Harold E. Bishop, Gillenwater, Nichol & Ames, Knoxville, for Plaintiffs–Appellants.

David A. Stuart, Stuart & Van Riper, Clinton, for Defendants–Appellees.

## OPINION

McMURRAY, Judge.

The appellants, Kyle and Margaret Justice, (plaintiffs) filed suit in the Anderson County Circuit Court alleging that the appellees (defendants) concealed the presence of asbestos in a building which plaintiffs bought from Anderson County at an auction. They further charged that the defendants had breached the covenants and warranties contained in the deed from defendants; that defendants had violated the Tennessee Consumer Protection Act; that defendants had expressly and/or impliedly warranted that the property was fit for use and free of dangerous and hazardous products; that title to the property was defective and unmarketable due to the asbestos and that the defen-

dants knew or should have known of the presence of asbestos prior to the auction.[1] The trial court dismissed the claim as to the Consumer Protection Act based on the statute of limitations contained therein. No issue has been presented for our review relating to that issue.

After a bench trial the court dismissed the action, finding that the plaintiffs' complaint sounded in tort, which required the application of the Governmental Tort Liability Act. The court found that governmental immunity had not been removed by the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29–20–101 et seq. He further found that the plaintiffs had failed to prove damages and dismissed the case. This appeal resulted. We concur in the result reached by the trial court.

Plaintiffs purchased the old Medford School in Anderson County at a public auction in 1989. The auction was advertised as an absolute auction and was to be sold "as is." The plaintiff, Mrs. Justice, admitted to having seen a copy of the advertisement distributed by the auction company prior to the sale. Further, the contract of sale, signed by the plaintiffs, contained a provision that "[no] representations or warranties about the condition of the property, title or title condition have been made unless stated herein. It is agreed that the purchaser is buying the property on an 'as is' basis." The contract contained no provision relating to the condition of the property. The plaintiffs inspected the premises at least twice before the auction. Mrs. Justice testified, however, that the boiler room was padlocked and partially blocked with debris and for that reason they were unable to inspect it.

After purchasing the building, the plaintiffs renovated a part of the building and began operating their tool and die business in a small portion of the building. Some time after moving into the building, Margaret Justice sent her son to the boiler room and had him remove the padlock. Upon entering the room the plaintiffs discovered asbestos warning signs that had been placed on and around the boiler. They later discovered that Anderson County had received a report in 1984 from a consultant some five years before the property was sold to the plaintiffs. The report listed the Medford School as having asbestos in pipe insulation and on the boiler.

At the trial and after the close of plaintiffs' case in chief, the trial court granted defendants' motion to dismiss, holding that the defendants were immune from suit under the Governmental Tort Liability Act, and that plaintiffs had failed to prove any damages.

Plaintiffs submit the following issues for our consideration:

1. Did the trial court err in finding the gravamen of plaintiffs' complaint to be misrepresentation, a tort, and therefore controlled by the governmental tort liability act?

2. Did the trial court err in ruling that the plaintiffs proved no damages?

3. Even if the governmental tort liability act applies did the trial court error [sic] in dismissing the entire lawsuit as to all defendants?

■ As to the first issue, plaintiffs insist that the trial court was in error in finding that the gravamen of their complaint sounded in tort, as opposed to breach of contract. They insist that the gravamen of the complaint was in contract, therefore, the Governmental Tort Liability Act has no application. The Governmental Tort Liability Act does not apply to breach of contract claims. *See Simpson v. Sumner County*, 669 S.W.2d 657, 662 (Tenn.Ct.App.1983). We must, therefore, examine the plaintiffs' complaint to determine whether it stated an action sounding in contract.

■ The trial court found that the gravamen of the complaint brought by the plaintiffs was for an intentional or negligent misrepresentation for which governmental immunity had not been removed under the provisions of the Governmental Tort Liability Act. We agree that there can be no re-

---

1. There is no evidence in the record to support a finding of either breach of warranty or defective title.

covery in tort for intentional or negligent misrepresentation.

T.C.A. § 29–20–205 provides in pertinent part as follows:

29–20–205. Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.—Immunity from suit of all governmental entities is removed for injuries proximately caused by a negligent act or omission of any employment except if the injury:

\* \* \* \* \* \*

(6) Arises out of misrepresentation by an employee whether or not such is negligent or intentional;

\* \* \* \* \* \*

The complaint specifically alleges that the defendants "fraudulently and knowingly concealed the presence of the asbestos," that the defendants knew or should have known that asbestos was present, and that they "are guilty of fraudulent misrepresentation and/or concealment of the truth and failure to disclose a material fact." Plaintiffs further alleged that they justifiably relied upon the representations and misrepresentations of the defendants.

■ We first note that there is no evidence of any positive misrepresentations on the part of the defendants. A letter written on the letterhead of plaintiffs' company, Ultimate Tool and Die, and signed by the defendant, David O. Bolling, was placed into evidence. The letter was undated and not addressed to anyone. It stated, in substance, that the plaintiffs had purchased the building from Anderson County in February 1990, at a public auction; that at that time there were no private nor public disclosures made of any environmental health hazard that would be detrimental to the resale of the property and to the best of Bolling's knowledge there were none at the time. This letter was prepared by Mrs. Justice for the purpose of obtaining refinancing on the property and was signed by Bolling after the sale had been fully consummated. Therefore, there can be no reliance on the letter as a misrepresentation or fraud in the inducement.

■ An individual induced by fraud to enter into a contract may elect between two remedies. He may treat the contract as voidable and sue for the equitable remedy of rescission or he may treat the contract as existing and sue for damages at law under the theory of deceit in the ordinary case. The former is a contract action, while the latter is grounded in tort. *Vance v. Schulder,* 547 S.W.2d 927, 931 (Tenn.1977). Generally stated, this is a case wherein nondisclosure of known facts is the primary premise upon which the plaintiffs' case for rescission rests.

■ It is well-settled that fraud can be an intentional misrepresentation of a known, material fact or it can be the concealment or nondisclosure of a known fact when there is a duty to disclose. *Hill v. John Banks Buick, Inc.,* 875 S.W.2d 667 (Tenn.App.1993); *Oak Ridge Precision Indus., Inc. v. First Tennessee Bank Nat'l Ass'n,* 835 S.W.2d 25 (Tenn. App.1992); *Stacks v. Saunders,* 812 S.W.2d 587 (Tenn.App.1990). Nondisclosure of a material fact may also give rise to a claim for fraudulent or negligent misrepresentation when the defendant has a duty to disclose and the matters not disclosed are material. *Dobbs v. Guenther,* 846 S.W.2d 270, 274 (Tenn.App.1992).

Courts of this state have ruled that liability for non-disclosure can arise only in cases where the person sought to be held responsible had a duty to disclose the facts at issue. *In Domestic Sewing Machine Co. v. Jackson,* 83 Tenn. 418 (1885) our Supreme Court stated:

In all cases, concealment or failure to disclose, becomes fraudulent only when it is the duty of a party having knowledge of the facts to discover them to the other party: 2 Pom. Eq., sec. 902. And this author, in the same section says: "All the instances in which the duty to disclose exists and in which a concealment is therefore fraudulent, may be reduced to three distinct classes:

1. Where there is a previous definite fiduciary relation between the parties.

2. Where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other.

3. Where the contract or transaction is intrinsically fiduciary and calls for perfect good faith. The contract of insurance is an example of this class."

█ It is clear that the purchase of the property at a public auction was an arm's length transaction and there was no fiduciary relationship between the parties. Secondly, the record does not support a finding that the plaintiffs reposed a trust and confidence in the defendants nor was the transaction intrinsically fiduciary in nature which called for perfect good faith.[2] Hence, the plaintiffs fail to meet the criteria required to demonstrate that they are entitled to relief for fraudulent concealment or failure to disclose known facts.

We will take our analysis one step further. The Tennessee Supreme Court has recognized a seller's duty to disclose material facts affecting the property's value known to the seller but not reasonably known to or discoverable by the buyer. *Simmons v. Evans,* 185 Tenn. 282, 285–86, 206 S.W.2d 295, 296 (1947).

█ Mrs. Justice, in addition to her knowledge that the sale was "as is," testified that she was prevented from inspecting the boiler room by the padlock and debris around the door. We are not persuaded. The plaintiffs called the auctioneer, Mr. William E. Stephenson as their witness. Mr. Stephenson was asked the following questions and gave the following answers:

Q. Mr. Stephenson, do you recall the type of auction you conducted at the Medford School?

A. It was an absolute auction, as is auction.

   *    *    *    *    *    *

Q. And at the auction itself, in conducting the auction, did you announce to all the persons present that the property would be sold as is?

A. Yes, I did.

   *    *    *    *    *    *

A. Yes, and I said it twice, that at this auction, we were selling it as is, that the buyers had an opportunity to inspect it.

   *    *    *    *    *    *

Q. Had they [the plaintiffs] wanted to get into the boiler room before the auction, would you have made arrangements for them to do so.

A. Yes.

Q. Would you have made arrangements for them to do so even if it required the lock to be removed because nobody could find a key?

A. I have bolt cutters.

Q. Is that a yes, then?

A. That's a yes.

We find that the totality of the evidence in this case, as presented by the plaintiffs, clearly establishes that the asbestos was reasonably discoverable by the buyer.

We are of the opinion that the trial court should have considered the action, not only as a tort action, but also as a contract action. In our review of the record, we have done so. We find that the plaintiffs have failed to make a prima facie showing that they are entitled to relief under either tort or contract. Therefore, we agree with the result reached by the trial court. Since we are empowered by Rule 36, Tennessee Rules of Appellate Procedure to grant relief, including the giving of judgment as the law and facts require, we direct that a judgment be entered in favor of the defendant on all issues presented by the pleadings.

We affirm the result reached by the trial court and remand this case to the trial court for entry of a judgment consistent with this opinion. Costs are assessed to the appellants.

SUSANO, J., and WILLIAM H. INMAN, Senior Judge, concur.

---

2. Mrs. Justice testified that she never talked with any county official about this property before the sale and purchase of the property. Mr. Justice did not testify.