# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 2, 2003 Session

## DAVID T. SEARS, ET AL. v. CHARLES GREGORY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2936      Barbara N. Haynes, Judge**

---

**No. M2002-02771-COA-R3-CV - Filed January 23, 2004**

---

WILLIAM C. KOCH, JR., P.J., M.S., dissenting.

The narrow question presented by this appeal is whether Tennessee recognizes the tort of negligent misrepresentation by nondisclosure. While the Sears family's complaint faces a daunting battle on other fronts, I would not extinguish it at this stage of the proceeding by holding as a matter of law that a professional person cannot supply the false information required by Restatement (Second) of Torts § 552 (1977) by silence.

## I.

Mr. and Ms. Sears were first-time home buyers when they contracted to purchase the house at 3815 Marydale Court in Nashville. Because the contract required the seller to furnish a standard termite letter, the seller's agent hired Charles Pest Control to inspect the premises and to furnish the report. On February 22, 2001, Charles O'Brien inspected the house and completed a "Wood Destroying Insect Information Inspection Report" which he provided to the seller.

Mr. O'Brien's inspection report was on a standard NPCA-1 form designed by the National Pest Control Association. Despite evidence of inactive infestation and previous treatment, Mr. O'Brien checked a box on the form certifying that "[n]o visible evidence of a wood destroying insect infestation was observed." He did not check the boxes that would have indicated the prior inactive infestation or the previous treatment.

Mr. O'Brien's inspection also included looking for conditions, such as moisture, that could be conducive to an infestation of wood-destroying insects. Moisture can also cause mold. Even though Mr. O'Brien observed water stains on the foundation and the joists and mold on over eighty percent of the floor joists in the crawlspace under the house, he did not note these conditions in his report. Despite the fact that the NPCA-1 form contained spaces for "additional comments" and warned that corrective measures should be taken if faulty grade, insufficient ventilation, or moisture were discovered, Mr. O'Brien did not report the mold or the water stains because "[t]here was nowheres [on the form] asking for me to note it."

Mr. and Ms. Sears were not aware of the mold in the crawlspace when they closed on the house. Mr. Sears had only peered into the crawlspace without a flashlight, and they had not obtained a home inspection prior to signing the contract. They saw the termite inspection report for the first time at the closing on March 9, 2001, and proceeded with the closing after noting that it contained no indication of the presence of wood-destroying insects or conditions conducive to wood-destroying insects.

Within weeks after moving into the house, the Sears family began experiencing health problems that were eventually traced to the mold in the crawlspace. On September 26, 2001, after extensive and costly repairs to mitigate the mold problem, the Sears family filed suit against Charles Pest Control and Mr. O'Brien in the Circuit Court for Davidson County, asserting claims based on negligent misrepresentation, breach of warranty, and common-law negligence. They claimed that they would not have closed on the house if Mr. O'Brien had included in his report the conditions he observed in the crawlspace.

Charles Pest Control and Mr. O'Brien moved for a summary judgment in June 2002 on the ground that "searching for and/or reporting the presence or absence of mold, moisture, or damage caused by either mold or moisture is specifically outside if [sic] the scope of an insect infestation inspection . . .." The Sears family responded to the motion on August 14, 2002, with the affidavits of a Pesticide Inspector employed by the Tennessee Department of Agriculture Regulatory Services and two other experienced pest control operators. All three of these persons stated unequivocally that inspectors like Mr. O'Brien are required to note moisture and other conditions conducive to insect infestation on the NPCA-1 form and that the form Mr. O'Brien filled out with regard to the residence at 3815 Marydale Court fell well below "the applicable standard of pest control practice or pest control industry standards, in Nashville, Tennessee . . .."

The Sears family's response to their motion caused Charles Pest Control and Mr. O'Brien to shift their defensive theory. Rather than relying on their earlier claim that pest control inspectors were not required to search for and report conditions conducive to an insect infestation, they now asserted that they were entitled to a summary judgment because "[t]here is no representation in the report that the structure is free from 'factors which may lead to infestation from wood destroying insects.'" Essentially, they argued that there could be no recovery for negligent misrepresentation or breach of warranty unless they included "false information" in the report.

On August 30, 2002, the trial court filed an order granting Charles Pest Control and Mr. O'Brien's motion for summary judgment on all of the Sears family's claims. The trial court reasoned:

> To be successful, both claims require the plaintiffs to have detrimentally relied on a misrepresentation or false statement made by the defendants, or on a warranty that has been breached. The undisputed facts of this case show, however, that *the defendants did not make any false statement or misrepresentation upon which the plaintiffs relied to their detriment* in the Wood Destroying Insect Infestation Report given to the plaintiffs by defendant Charles

O'Brien, nor did the defendants breach the warranty created by the
statute cited above. (emphasis added)

The Sears family filed a timely Tenn. R. Civ. P. 59.04 motion to alter or amend judgment, citing *Justice v. Anderson County*, 955 S.W.2d 613, 616 (Tenn. Ct. App. 1997), and pointing out that "[n]ondisclosure of a material fact may also give rise to a claim for fraudulent or negligent misrepresentation when the defendant has a duty to disclose and the matters not disclosed are material." The trial court entered an order on October 29, 2002, denying the motion without elaboration.

## II.

The Sears family's complaint contains three causes of action: negligent misrepresentation, breach of warranty under Tenn. Code Ann. § 62-21-202(c), (e) (Supp. 2003), and common-law negligence . The language of the summary judgment motion filed by Charles Pest Control and Mr. O'Brien is broad enough to apply to all three claims. The defendants' reply to the Sears family's response to their summary judgment motion undertakes to de-emphasize the common-law negligence claim. It states that:

> The plaintiffs allege two causes of action in their complaint: (1) negligent misrepresentation under Section 552 of the Restatement (Second) of Torts as adopted in Tennessee and (2) the breach-of-warranty action specifically granted against pest control companies by T.C.A. § 62-21-202. (Complaint, Section III, Cause of Action). Of course, a general allegation of "negligence" in a case like this cannot camouflage the fact that the gravamen of their case is that the plaintiffs allege they would not have purchased the property but for their reliance on the accuracy of the "termite letter" issued by Charles Pest Control. That is, the plaintiffs' general allegations of "negligence" are superfluous since they have alleged the more specific cause of action of negligent misrepresentation, which encompasses the gravamen of their claim.

In its August 30, 2002 order granting the summary judgment, the trial court found "that the gravamen of the plaintiffs' claims are negligent misrepresentation under § 552 of the Restatement (Second) of Torts, as that section has been adopted in Tennessee, and breach of warranty as set forth in subsection (c) of Tenn. Code Ann. § 62-21-202." While the court did not specifically address the common-law negligence claim, it dismissed the Sears family's "action . . . with prejudice in its entirety."

The Sears family conceded in their Tenn. R. Civ. P. 59.04 motion that the gravamen of their claims is "negligent misrepresentation under Section 552 of the Restatement (Second) of Torts." In light of this concession and the fact that the only standard of legal liability they discuss in their brief is negligent misrepresentation, it appears that the Sears family has effectively abandoned their

common-law negligence claim and is relying principally on their negligent representation claim. Accordingly, this opinion addresses only their negligent misrepresentation claim.[1]

## III.

Tennessee has recognized claims for negligent misrepresentation under Restatement (Second) of Torts § 552 (1977) for over thirty years. The Tennessee Supreme Court adopted the principles that the American Law Institute later incorporated into Restatement (Second) § 552 in *Tartera v. Palumbo*, 224 Tenn. 262, 271-72, 453 S.W.2d 780, 784 (1970) and has repeatedly recognized and followed the Restatement ever since with regard to actions for negligent misrepresentation. *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997); *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 130 (Tenn. 1995).

Accordingly, the elements of a negligent misrepresentation claim are now well-known. Persons asserting a negligent misrepresentation claim must prove: (1) that the defendant was acting in the course of its business, profession, or employment, (2) that the defendant supplied false information for the guidance of others in its business transactions, (3) that the defendant failed to exercise reasonable care in obtaining or communicating the information, and (4) the plaintiff justifiably relied on the information. *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. 1991); *Trinity Indus., Inc. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 182 (Tenn. Ct. App. 2001); *Addaman v. Lanford*, 46 S.W.3d 199, 204 (Tenn. Ct. App. 2000).

This case involves the second and third elements of a negligent misrepresentation claim. Some courts, construing Restatement (Second) of Torts §§ 551, 552 narrowly and disjointedly, have held that nondisclosure of information or the failure to speak can never support a negligent misrepresentation claim. They reason that an essential element of the claim is missing because nothing has been misrepresented.[2] However, other courts have held silence or nondisclosure can support a claim for negligent misrepresentation when there is a duty to speak.[3] Tennessee has already sided with the latter group of courts.

---

[1] Had the Sears family not effectively abandoned their common-law negligence claim, I would hold that Charles Pest Control and Mr. O'Brien violated the applicable standard of care by failing to disclose on the termite report the conditions Mr. O'Brien discovered that were conducive to an infestation of wood-destroying insects.

[2] *Wilson v. Century 21 Great West Realty*, 18 Cal. Rptr. 2d 779, 783 (App. Ct. 1993) (based on specific California statutory language); *Burman v. Richmond Homes Ltd.*, 821 P.2d 913, 919 (Colo. Ct. App. 1991); *Martin v. Ohio State Univ. Found.*, 742 N.E.2d 1198, 1209 (Ohio Ct. App. 2000); *Hagans v. Woodruff*, 830 S.W.2d 732, 736 (Tex. App. 1992); *Richey v. Patrick*, 904 P.2d 798, 802 (Wyo. 1995) (finding no action under Restatement (Second) of Torts § 552 but recognizing possible liability under Restatement (Second) of Torts § 551 (1977)).

[3] *In re Agribiotech, Inc.*, ___ F. Supp. 2d ___, ___, 2003 W.L. 22699789, at *4-5 (D. Nev. 2003); *Premier Bank v. Tierney*, 114 F. Supp. 2d 877, 886 (W.D. Mo. 2000); *Weisblatt v. Minnesota Mut. Life Ins. Co.*, 4 F. Supp. 2d 371, 380 (E.D. Pa. 1998); *Masso v. United Parcel Serv. of America, Inc.*, 884 F. Supp. 606, 616 (D. Mass. 1995); *Matthews v. Kincaid*, 746 P.2d 470, 471 (Alaska 1987); *Alaface v. National Inv. Co.*, 892 P.2d 1375, 1387 n.3 (Ariz. Ct. App. 1994); *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 903 (Me. 1996); *Lane v. Oustalet*, 850 So. 2d 1143, 1148 (Miss. Ct. App. 2002); *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 766 P.2d 928, 932 (N.M. Ct. App. 1988).

Restatement (Second) of Torts § 551(1) provides that

> One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.

The Tennessee Supreme Court approved this principle approximately fifty years ago, *Turner v. N.C. & St. L. Ry.*, 199 Tenn. 137, 144, 285 S.W.2d 122, 125 (1955), and this court has recognized and followed Restatement (Second) of Torts § 551. *Patton v. McHone*, 822 S.W.2d 608, 615 (Tenn. Ct. App. 1991); *Macon County Livestock Mkt., Inc. v. Kentucky State Bank, Inc.*, 724 S.W.2d 343, 349 (Tenn. Ct. App. 1986). Therefore, even in the absence of a special relationship, a party to a business transaction must (1) disclose enough information to prevent its statements from becoming misleading, *Akbari v. Horn*, 641 S.W.2d 506, 508 (Tenn. Ct. App. 1982), (2) disclose known conditions or defects that render a product defective or dangerous, *General Motors Corp. v. Dodson*, 47 Tenn. App. 438, 458-59, 338 S.W.2d 655, 664-65 (1960), and (3) must disclose basic, material information if it knows that the buyer is about to act without knowledge of the information and is without reasonable means to acquire the information. *Simmons v. Evans*, 185 Tenn. 282, 285-86, 206 S.W.2d 295, 296 (1947).

Accordingly, as the law presently stands, "[n]ondisclosure of a material fact may also give rise to a claim for fraudulent or negligent misrepresentation when the defendant has a duty to disclose and the matters not disclosed are material." *Justice v. Anderson County*, 955 S.W.2d at 616. This court's opinion in *Justice v. Anderson County* aligns Tennessee with the jurisdictions that have recognized the tort of negligent misrepresentation by nondisclosure.

## IV.

Based on the record before us, I would conclude that the Sears family's negligent misrepresentation claim should survive summary judgment. They have presented competent proof that Charles Pest Control and Mr. O'Brien had a business duty to disclose the existence of conditions conducive to insect infestation on the NPCA-1 report. In addition, they have presented evidence regarding the following three elements of their negligent misrepresentation claim:

1. Mr. O'Brien was acting in the course of his business, profession, or employment when he inspected the Marydale Court house.

2. Mr. O'Brien supplied false information on the report by failing to report prior infestations and treatments and by failing to note the existence of conditions conducive to insect infestation. These nondisclosures were tantamount to representations that these conditions did not exist.

-5-

3.       The pest control experts have opined that Mr. O'Brien did not exercise reasonable care either in conducting the inspection or in completing the NPCA-1 report.

The fourth element of a negligent misrepresentation claim is that the plaintiff must have justifiably relied on the information or lack of information supplied by the defendant. This element may ultimately prove to be the Achilles' heel of the Sears family's case. As the majority points out, the "moisture conditions under the house were reasonably known or discoverable by Plaintiffs. They did not look under the house prior to closing and expressly rejected a home inspection prior to closing." However, there are two reasons why the reasonableness of the Sears family's reliance is not dispositive of this appeal. First, it is not the basis for the trial court's decision to grant the summary judgment. Second, reasonableness is, as a general matter, just the sort of question that should be left to a jury. I am not prepared to hold, based on the present record, that the only conclusion that a reasonable person could draw is that the Sears family acted unreasonably by relying on the pest control report that effectively stated that there were no prior insect infestations or treatments or conditions conducive to insect infestations.

_____

WILLIAM C. KOCH, JR., P.J., M.S.