IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 17, 2019 Session

## CAROL LEE v. HAMILTON COUNTY, TENNESSEE

**Appeal from the Circuit Court for Hamilton County**
**No. 10C340     Kyle E. Hedrick, Judge**

_____

### No. E2018-01531-COA-R3-CV

_____

The plaintiff in this action is a retired employee of the defendant county. She filed a complaint in October 2009, asserting claims of negligence, breach of contract, intentional or negligent misrepresentation, and breach of fiduciary duty related to a county employee's alleged faulty advice and lack of disclosure to her concerning the interplay of her disability benefits policy and her retirement plan. Upon the county's motion, the trial court granted partial summary judgment in favor of the county in July 2016, dismissing the plaintiff's claims of misrepresentation and breach of fiduciary duty. The trial court subsequently denied the county's motion for judgment on the pleadings as to the remaining issues. Following a bench trial in July 2018, the trial court entered a judgment awarding to the plaintiff the amount of $13,985.52. The county timely appealed. Having determined that the trial court's final order does not sufficiently explain the legal basis upon which the money judgment was awarded, we vacate the judgment and remand to the trial court for entry of findings of fact and conclusions of law explaining the basis of the judgment or, in the alternative, reconsideration of the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Mary Neill Southerland, Chattanooga, Tennessee, for the appellant, Hamilton County, Tennessee.

Charles P. Dupree, Chattanooga, Tennessee, for the appellee, Carol Lee.

**OPINION**

**I. Factual and Procedural Background**

The plaintiff, Carol Lee, was employed by the defendant, Hamilton County, Tennessee ("the County"), in its juvenile detention center for fourteen years prior to her retirement on September 24, 2008. On October 1, 2009, Ms. Lee filed a complaint against the County in the Hamilton County Chancery Court ("chancery court"), alleging "negligence, intentional or negligent misrepresentation, and breach of contract by misrepresentation" in the County's "selection, [maintenance], servicing, handling, advising and representing" Ms. Lee concerning "the selection and operation of a disability benefits policy and the timing and selection of [Ms. Lee's] retirement benefits" without disclosure to Ms. Lee of "the resulting effects and the damages to her." Ms. Lee also asserted a claim for breach of fiduciary duty.

Ms. Lee specifically alleged, *inter alia*, that prior to her retirement, she had not realized that her long-term disability benefits, which she had acquired after attending a presentation sponsored by the County and which she been receiving for several months after the onset of an illness, would be affected by her decision to begin drawing retirement benefits from the Tennessee Consolidated Retirement Services ("TCRS"). Ms. Lee further alleged that she had made the decision to retire based on advice she had received from a County human resources employee, later identified as Brenda Hixson.

At trial, Ms. Lee testified that she had visited the human resources department when she was contemplating her best recourse because her various forms of leave were running out and she had been informed by her physician that she should not return to work in the juvenile detention center. According to Ms. Lee, once Ms. Hixson ascertained that Ms. Lee had been employed by the County for a sufficient period of time to be vested in its retirement system, Ms. Hixson told Ms. Lee that she thought "the best thing [Ms. Lee] could do was retire." According to Ms. Lee, Ms. Hixson subsequently told her in response to a question that because Ms. Lee had already applied for the long-term disability benefits, those benefits would not be affected by her retirement.

It is undisputed that approximately two months after Ms. Lee's retirement, she was notified by Mutual of Omaha, her long-term disability insurance provider, that her benefits would be reduced due to her receipt of retirement benefits and that she would be liable for overpayment of disability benefits.[1] According to Ms. Lee's testimony, Mutual of Omaha contacted her repeatedly by mail and telephone, urging her to apply for Social Security benefits, which would then be offset against her long-term disability benefits. In

---

[1] Ms. Lee had initially enrolled in a long-term disability policy with UnumProvident but had enrolled with Mutual of Omaha when the County changed long-term disability carriers in 2007.

her complaint, Ms. Lee requested a total of $55,000.00 in damages, comprised of the "lost value of her retirement and/or full value of the disability policy, damages for her stress and harassment, interest, attorney fees and costs of this cause . . . ."

Upon the County's motion, the chancery court determined that it lacked subject matter jurisdiction, pursuant to Tennessee Code Annotated § 29-20-307 (2012) of the Governmental Tort Liability Act ("GTLA"), which provides for exclusive jurisdiction over GTLA claims in circuit court with the exception of certain counties wherein the circuit court's jurisdiction is concurrent with general sessions court. The chancery court transferred this case to the Hamilton County Circuit Court ("trial court") in an order entered on March 4, 2010. After initially being dismissed twice without prejudice on "procedural steps" orders, the case was eventually restored to the trial court docket by an agreed order entered on March 4, 2014. The County filed an answer in the trial court on July 17, 2014, *inter alia*, denying all substantive allegations, denying that any of its employees acted as agents for insurance or retirement benefits offered, asserting that Ms. Lee "committed comparative fault by failing to seek advice" from the benefits companies themselves, and asserting immunity under the GTLA. Upon Ms. Lee's subsequent motion to set the case for hearing, the trial court entered four successive agreed orders resetting the trial date.

The County filed a motion for summary judgment on February 16, 2016, arguing that it was entitled to judgment as a matter of law because (1) Ms. Lee's claims of negligent misrepresentation, intentional misrepresentation, and breach of contract by misrepresentation were precluded by Tennessee Code Annotated § 29-20-205(6) of the GTLA; (2) Ms. Lee's negligence claim was time-barred by operation of Tennessee Code Annotated § 29-20-305(b) (providing a twelve-month statute of limitations for actions commenced under the GTLA); and (3) the County had not acted as Ms. Lee's agent and owed her no fiduciary duty. The County filed with its motion affidavits executed by human resources employees dealing with employee benefits, as well as specific documents pertaining to Ms. Lee's various short and long-term leaves of absence and ultimate retirement. Ms. Lee filed a response objecting to the County's motion, attaching to her response depositions taken of Ms. Lee and Ms. Hixson. The County then filed a reply.[2]

---

[2] Upon the trial court's request, the County also filed a supplemental brief, explaining that the federal Employment Retirement Income Security Act of 1974 ("ERISA") was not applicable to this case because ERISA is not applicable to governmental retirement plans. *See* 29 U.S.C.A. §§ 1002(32), 1003(b)(1); *Bd. of Trs. of Sumner Cty. Emps.' Trust Fund v. Graves*, No. M1997-00069-COA-R3-CV, 1999 WL 1086454, at *1 n.2 (Tenn. Ct. App. Dec. 3, 1999) (noting that "governmental employee benefit plans are specifically excepted from the Act's [ERISA's] coverage"). The inapplicability of ERISA to this case is not in dispute on appeal.

On July 13, 2016, the trial court, with Judge W. Neil Thomas, III, then presiding, entered a "Memorandum and Order," granting partial summary judgment in favor of the County concerning Ms. Lee's claims of intentional or negligent misrepresentation and breach of fiduciary duty. The dismissal of these claims is not at issue on appeal. However, the trial court denied summary judgment "as to the remaining issues in the case."

Following various motions filed by the parties to set the case for trial and to continue the case, the County filed a "Motion for Judgment on the Pleadings," pursuant to Tennessee Rule of Civil Procedure 12.03, on May 31, 2018. In this motion, the County stated that the trial court's July 2016 order had indicated that "the two (2) remaining matters are: (a) whether [Ms. Lee] has brought a valid claim for misrepresentation under a contract theory; and, if so, (b) when [Ms. Lee] knew, or should have known, of her alleged damages." The County then argued that "[t]here being no contract between the parties, Hamilton County cannot be held liable under a contract theory of recovery." Ms. Lee filed a response objecting to the motion on the basis that the County was attempting to re-litigate its summary judgment motion. Specifically, Ms. Lee asserted that in the July 2016 order, the trial court had "ruled then on all the [County's] objections and left the remaining issues for trial." Ms. Lee did not specify in her response what the remaining issues were. The County filed a reply, again asserting that the case was appropriate for Rule 12.03 relief.

Following a hearing, the trial court, with Judge Kyle E. Hedrick now presiding, entered an order on July 13, 2018, denying the County's motion for judgment on the pleadings. The court found in pertinent part:

> A Memorandum and Order was filed on July 13, 2016 granting summary judgment as to the claims of misrepresentation and breach of fiduciary duty, but denying the motion with respect to the remaining claims. In short, it appears as if [the County] seeks a rehearing on the denied portions of the motion for summary judgment by filing the Rule 12.03 motion. In fact, during the hearing on the current motion, counsel for [the County] relied primarily upon an admitted fact that was a part of the filing of the motion for summary judgment.
>
> Given that this court has already addressed these same issues in its Memorandum and Order of July 13, 2018, (and denied the same); the motion of the [County] is denied.

4

The trial court conducted a bench trial on July 17, 2018, hearing testimony presented by Ms. Lee; Holly Wormsley, who had overseen payroll for the County; Alecia Poe, the Administrator of Human Resources for the County; and Jim Gaines, an insurance broker who testified that he managed insurance accounts owned by County employees but was not a County employee himself. At the close of Ms. Lee's proof, her counsel requested permission to read Ms. Hixson's deposition testimony into the record. The trial court denied this request in the absence of Ms. Hixson's testimony at trial; however, the court did allow Ms. Hixson's deposition to be introduced into the record for identification purposes only.

At the close of the County's proof, the County moved for a "directed verdict" on the basis that no contract existed between Ms. Lee and the County concerning her long-term disability insurance. On appeal, the County acknowledges that it intended to request involuntary dismissal, pursuant to Tennessee Rule of Civil Procedure 41.01(2), instead of a directed verdict pursuant to Tennessee Rule of Civil Procedure 50. Upon the County's motion, the trial court stated from the bench that the evidence demonstrated no basis to find that a contract existed between the parties and orally ruled in the County's favor on the breach of contract claim. The trial court further found, however, that the claim of negligence survived and ordered that the parties address in their closing arguments "the negligence of the County with respect to the representation that [Ms. Lee] should take her retirement benefits."

On July 30, 2018, the trial court entered a "Judgment Order," awarding a judgment in the amount of $13,985.52 to Ms. Lee. In the order, the court incorporated a memorandum opinion, which the court described as its "findings of fact and legal conclusions" that had been announced on the record at the close of trial. The court did not memorialize its oral ruling on the County's motion for involuntary dismissal (or directed verdict) or its ruling on the breach of contract claim in either the judgment order or the memorandum opinion. In its memorandum opinion, the court, *inter alia*, found Ms. Lee to be "highly credible" and found that the "only evidence" presented as to why Ms. Lee applied for retirement benefits was that "she was told to" by Ms. Hixson. Determining that the reduction in Ms. Lee's income amounted to $582.73 per month for twenty-four months, the court awarded to Ms. Lee a money judgment against the County in the amount of $13,985.52. The County timely appealed.

## II. Issues Presented

The County presents two issues on appeal, which we have restated as follows:

1.      Whether the trial court erred by awarding damages that were not supported by its findings of fact and by issuing a decision that did

5

not constitute a legal conclusion as required by Tennessee Rule of Civil Procedure 52.01.

2.      Whether the trial court erred by denying the County's motion for involuntary dismissal.

Ms. Lee presents an additional issue, which we have similarly restated as follows:

3.      Whether the trial court properly based its judgment in favor of Ms. Lee on the negligence of a County employee in failing to advise Ms. Lee about the effect of retirement benefits on long-term disability benefits.

## III.  Standard of Review

Our review of the trial court's judgment following a non-jury trial is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

## IV.  Basis of Trial Court's Judgment

The County contends that the trial court erred by entering a judgment in favor of Ms. Lee without explaining the legal basis for the judgment as required by Tennessee Rule of Civil Procedure 52.01. The County also contends that no legal basis had been proven for the judgment because the trial court had ruled orally that no contract existed between the parties and because any tort claim had purportedly been dismissed by the trial court's previous grant of partial summary judgment in favor of the County. In addition, the County argues that the trial court's judgment was not supported by the evidence. In response, Ms. Lee, in raising her issue concerning negligence, asserts that the trial court clearly based its judgment in favor of Ms. Lee on a preponderance of evidence supporting a legal conclusion that Ms. Hixson, a County employee, was

6

negligent in failing to advise Ms. Lee about the effect of applying for her retirement benefits on her long-term disability benefits. Upon careful review, we conclude that the trial court's final judgment is deficient and must be vacated and remanded.

Tennessee Rule of Civil Procedure 52.01 provides in pertinent part:

In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

In entering the July 30, 2018 "Judgment Order," the trial court awarded to Ms. Lee $13,985.52 in damages and taxed costs to the County. The trial court did not state the legal theory upon which the award was based in the order. However, the court did state the following in relevant part:

The Court heard the testimony of the parties, and the testimony of witnesses, reviewed the exhibits and the record as a whole. The Court then announced the findings of fact and legal conclusions on the record. That record has been transcribed and is incorporated herein by reference attached hereto as Exhibit A.

In its memorandum opinion incorporated into the final judgment, the trial court's findings of fact and rationale for the monetary award to Ms. Lee are set forth as follows in full:

I have gone through the exhibits, and there are, there are some things that trouble me in this case. One of them is that according to the policy, [Ms. Lee] was supposed to get paid through her Social Security normal retirement age or two and -- two years-and six months, whichever is longer. Under the definition of the policy, based on her birthdate being from 1943 to 1954, her normal retirement age was 66, which means the longer would have been two and a half years. According to the only evidence I have in front of me, Exhibit 7, she only got paid for two years, not two and a half.[3]

The Social Security issue is also real troublesome to me because I couldn't find anywhere in the policy where you were required to do that.

---

[3] Exhibit 7 consists of a letter from Mr. Gaines to the County's counsel, explaining, *inter alia*, the interplay of Ms. Lee's short- and long-term disability policies with her retirement benefits, as well as Ms. Lee's long-term disability enrollment form and a record of payments made to her or applied to offset her "overpayment" on that policy.

They called her -- that insurance company called her and bugged her to death to do it. And they do have a term in the policy called Social Security Assistance. And in order to be eligible to get assistance from their program, you have to be receiving monthly benefits from them, and then they can arrange for advice regarding your claim. So it appears to me all they were trying to do was to get her to file for Social Security so it would reduce her benefit. But they're not here, and that's not the County's issue. The County had nothing to do with the reduction of the Social Security benefits.

There's nothing wrong with the policy per se. The County wasn't pedaling a trashy policy; but the only testimony that I heard with regard to applying for [Ms. Lee's] retirement benefits -- not her Social Security, but her regular retirement benefits that she earned as an employee – was that Brenda Hixson told her it would be a good idea to go ahead and file for those retirement benefits. And the only evidence I have is the reason she filed for those retirement benefits is because she was told to do that by Brenda Hixson. That's the only evidence I have.

And I will tell you that I find Ms. Lee to be a highly credible witness. I think she was very honest, even on points that were not particularly good for her case. I think she was very honest about things she remembered and couldn't remember. I think her story was consistent pretty much from start to finish; which is amazing, considering how long ago a lot of this took place.

Consequently, I accept as true the testimony that [Ms. Lee] talked to Brenda Hixson and relied upon that; and as a result of that recommendation, filed to get her retirement benefits, and that that had a negative impact on her, because they immediately reduced what she was receiving under her long-term policy as a result of receiving her retirement benefits and it cost her, according to Exhibit 7, $582.73 a month. That was for a period of 24 months.

So if you take $583 – I'm sorry, $582.73 times 24 is $13,980 -- 85.52. So I am awarding [Ms. Lee] $13,985.52.

As this Court has explained concerning the requirements of Rule 52.01:

Rule 52.01 of the Tennessee Rules of Civil Procedure requires the trial court to state expressly its findings of fact and conclusions of law, even

8

where the parties do not request it. Tenn. R. Civ. P. 52.01. If the trial court fails to do so, its decision is normally vacated and the cause remanded for such findings and conclusions; however, the appellate court may, in some circumstances, "soldier on" in the absence of them. *See Town of Middleton v. City of Bolivar*, No. W2011-01592-COA-R3-CV, 2012 WL 2865960, at *26 (Tenn. Ct. App. July 13, 2012).

*In re S.J.*, 387 S.W.3d 576, 594, n.9 (Tenn. Ct. App. 2012). As the County acknowledges, the trial court made several findings of fact in its memorandum opinion. To some extent, we are able to "soldier on" in this analysis by examining the July 2016 order in conjunction with the July 2018 final judgment. However, we must ultimately determine that the trial court failed to make sufficient findings of fact and conclusions of law in its 2018 final judgment concerning the legal theory or theories upon which the judgment was based and the applicable statute(s) of limitations.

At the outset, we note that governmental entities, such as the County in this action, possess sovereign immunity from lawsuits except as they consent to be sued. *See Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). The GTLA, codified at Tennessee Code Annotated §§ 29-20-201, *et seq.* (2012 & Supp. 2018), governs claims against counties, municipalities, and other local governmental agencies. *See Hawks*, 960 S.W.2d at 14. As our Supreme Court has explained:

> [T]he Legislature enacted the GTLA, which reaffirmed generally the grant of sovereign immunity provided at common law and in the Tennessee Constitution by stating that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). However, in addition to reaffirming the general grant of immunity, the GTLA also enumerates certain statutory exceptions where governmental immunity is specifically removed. *Id.* § 29-20-202 [through -205] . . . . Furthermore, the GTLA also lists specific types of claims for which immunity is not removed. *Id.* § 29-20-205 . . . .

*Young v. City of LaFollette*, 479 S.W.3d 785, 790 (Tenn. 2015) (additional internal citations omitted). Pursuant to Tennessee Code Annotated § 29-20-205 (2012), "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment" with specific exceptions. As pertinent to this case, one of the exceptions

9

enumerated in the statute is "[m]isrepresentation by an employee whether or not such is negligent or intentional." Tenn. Code Ann. § 29-20-205(6).

In her complaint, Ms. Lee asserted claims of "negligence, intentional or negligent misrepresentation, and breach of contract by misrepresentation," as well as breach of fiduciary duty. In its July 2016 order, the trial court granted partial summary judgment in favor of the County on the claims of breach of fiduciary duty and intentional or negligent misrepresentation, properly finding misrepresentation to be barred by Tennessee Code Annotated § 29-20-205(6). The trial court denied the County's motion for summary judgment "as to the remaining issues in the case." In its May 2018 motion for judgment on the pleadings, the County summarized the trial court's order granting partial summary judgment as leaving only two issues to decide: "(a) whether [Ms. Lee] has brought a valid claim for misrepresentation under a contract theory; and, if so, (b) when [Ms. Lee] knew, or should have known, of her alleged damages." The County thereby attempted to narrow "the remaining issues in the case" to one of the legal theories pled by Ms. Lee, namely breach of contract by misrepresentation. Ms. Lee has asserted during trial and on appeal that her general negligence claim under the GTLA still remained following entry of the motion granting partial summary judgment. We agree with Ms. Lee on this point.

In the July 2016 order, the trial court set forth the issues and explained its reasoning as follows in relevant part:

> In its motion, the County argues that summary judgment is appropriate because claims of misrepresentation and breach of contract by misrepresentation are barred by Tennessee Code Annotated § 29-20-205(6); that any claim of negligence on the part of the County is time-barred and that the County owed no fiduciary duty to [Ms. Lee].

> The Court will first consider the issue presented by the immunity statute here in question. . . .

> This case would seem to be controlled by the decision of the Court of Appeals in Justice v. Anderson County, 955 S.W.2d 613 (Tenn. [Ct.] App. 1997). In that case, the Court of Appeals affirmed the Trial Court's ultimate decision that it was appropriate to dismiss the plaintiff's case at the conclusion of the plaintiff's proof because the tort claim asserted by the plaintiff was barred by the statute cited above. The Court disagreed with the lower Court and held that the Trial Court should have considered both the tort and contract issues and then found that the "plaintiffs have failed to make a *prima facie* showing that they are entitled to relief under either tort or contract." []955 S.W.2d at 617 . . . . Thus, this Court believes that any

10

claim made by [Ms. Lee] which alleges misrepresentation is barred under the immunity statute above. This finding does not preclude the Court's consideration of the contract claim, which, although the County asserts that it sounds in tort, cannot be resolved without a full hearing, since a question of fact is presented as to the exact nature of the claim.[4]

Next, the Court will consider whether the allegations of [Ms. Lee's] complaint [are] barred by the statute of limitations. On this issue, there is an issue of fact presented as to when [Ms. Lee] knew or should have known that she had been damaged as a result of any alleged breach of contract if the tort statute of limitations of one year is to be applied. Because this claim sounds in contract, however, the six year statute may be appropriate. In any event, that issue must be resolved by trial.

With respect to the issue of fiduciary relationship, the Court cannot find any basis to find such a relationship, again relying in part upon the case of Justice v. Anderson County, Supra. Accordingly, summary judgment will be granted with respect to those claims.

For the foregoing reasons, it is hereby

ORDERED that the motion for summary judgment filed by the County is granted in part and denied in part; and it is further

ORDERED that partial judgment is awarded to the County on the issues of misrepresentation and breach of fiduciary duty but that summary judgment is denied as to the remaining issues in the case.

In the July 2016 order, the trial court juxtaposed its finding that the immunity statute barred any misrepresentation claim with its conclusion that such a finding did not bar a contract claim. The trial court did not state that solely the breach of contract claim remained. In finding that an issue of fact that must be resolved at trial remained as to the statute of limitations, the trial court stated: "Because this claim sounds in contract . . . the six year statute may be appropriate." *See* Tenn. Code Ann. § 28-3-109(a)(3) (2017) (providing a six-year statute of limitations for "[a]ctions on contracts not otherwise expressly provided for"). The trial court did not preclude that the one-year statute of limitations under the GTLA may also have been applicable, as it would be for a negligence claim. *See* Tenn. Code Ann. § 29-20-305(b). Although the phrase, "remaining issues," could have been clearer in the conclusion of the July 2016 order, we

---

[4] The *Justice* Court noted that the GTLA "does not apply to breach of contract claims." *Justice*, 955 S.W.2d at 615.

determine that the plural phrase indicated the remaining claims of negligence and breach of contract.[5]

In support of its contention that no legal basis existed for the trial court's final judgment in favor of Ms. Lee, the County first argues that the only basis could have been breach of contract and that this claim was essentially dismissed when the court ruled orally during trial that no contract existed between the parties concerning Ms. Lee's long-term disability insurance. Before closing arguments, the trial court stated:

> [H]ere's my ruling on the -- and, and I don't think it makes any practical difference whether I do it as a result of a motion for a directed verdict since all the proof is in at this point and I was just going to hear closing arguments, or whether I'm doing it at the end of the proof; but I don't see any basis for a contract between the County and [Ms. Lee]. And so with regard to that, I would, I would rule in the County's favor.
>
> With respect to negligence of the County, however, I'm going to overrule the motion for directed verdict on the . . . charge of negligence against the County. And on closing argument, the only thing I need addressed is the negligence of the County with respect to the representation that [Ms. Lee] should take her retirement benefits.
>
> In my opinion, that's the only claim remaining not subject to a directed verdict that I will hear closing argument on.[6]

The difficulty with this ruling is that it is not included in the memorandum opinion that was incorporated into the final judgment. As this Court has previously explained, a trial court "speaks through its written orders and not through the transcript." *In re Conservatorship of Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011). "[W]e review the trial court's written orders on appeal." *Id.* Therefore, even though Ms. Lee has not attempted to argue that the judgment was based on breach of

---

[5] In reliance on its own interpretation of the trial court's July 2016 order, the County also asserts on appeal that the trial court's entertainment of a tort claim during trial violated the County's due process rights because the County believed that all tort claims had been dismissed. In light of our determination that the general negligence claim under the GTLA was never dismissed and in light of the entire procedural history of this case, we find this assertion to be unavailing.

[6] As noted in a previous section of this opinion, the County actually intended and the trial court treated its motion as one for involuntary dismissal under Tennessee Rule of Civil Procedure 41.02, which governs such motions in bench trials as opposed to Tennessee Rule of Civil Procedure 50, which governs motions for directed verdict in jury trials.

contract, we cannot presume solely from the transcript that the trial court dismissed the contract claim.

The trial court also did not state in its written order or attached memorandum opinion that its judgment was based on Ms. Lee's remaining claim of negligence under the GTLA. With regard to any claim of negligence, our Supreme Court has elucidated:

> In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."

*Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). The High Court further explained that duty "is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Giggers*, 277 S.W.3d at 364. Furthermore, "[w]hether a defendant owes a duty of care to the plaintiff is a question of law to be determined by the courts." *Id.* at 365.

Concerning causation, our Supreme Court has explained:

> The plaintiff must prove two kinds of causation: causation in fact and proximate cause. *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). Both causation in fact and proximate cause must be proven by the plaintiff by a preponderance of the evidence. *Id.* Cause in fact or "actual cause" means "that the injury or harm would not have occurred 'but-for' the defendant's negligent conduct." *Id.*

*King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013). Concerning proximate causation, our Supreme Court has explained that the issue requires a three-prong analysis:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

*McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991). The High Court has explained the foreseeability requirement as follows:

> Foreseeability is the crucial factor in the proximate cause test because, if the injury that gives rise to a negligence case could not have been reasonably foreseen, there is no proximate cause and thus no liability despite the existence of negligent conduct. *Rathnow v. Knox Cnty.*, 209 S.W.3d 629, 633-34 (Tenn. Ct. App. 2006) (citing *Ray Carter, Inc. v. Edwards*, 222 Tenn. 465, 436 S.W.2d 864, 867 (1969)). "A risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) (citing *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005)); *Doe v. Linder Const. Co.*, 845 S.W.2d [173,] 178 [(Tenn. 1992)]. However, "[t]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility." *West*, 172 S.W.3d at 551 (citing *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987)); *Doe*, 845 S.W.2d at 178. Foreseeability must be determined as of the time of the acts or omissions claimed to be negligent. *Doe*, 845 S.W.2d at 178.

*King*, 419 S.W.3d at 248.

In the memorandum opinion incorporated into its final judgment, the trial court found that Ms. Lee had relied upon Ms. Hixson's "recommendation" that she retire and that this reliance resulted in "a negative impact" on Ms. Lee because the benefits that Ms. Lee was receiving under her long-term disability policy were reduced. However, the trial court did not expressly enter findings of fact and conclusions of law regarding whether Ms. Hixson, as an employee of the County, owed a duty of care to Ms. Lee; whether Ms. Hixson's conduct was below the standard of care to such a degree that it amounted to a breach of that duty; or whether the "negative impact" on Ms. Lee amounted to both cause in fact and proximate, or legal, cause of Ms. Lee's injury. *See Giggers*, 277 S.W.3d at 364. Additionally, in order for immunity to be lifted from the County under the GTLA in this instance, Ms. Hixson must have been acting within the scope of her employment when she made the comment upon which Ms. Lee purportedly relied. *See* Tenn. Code Ann. § 29-20-205; *see, e.g.*, *Brandon v. Shelby Cty.*, No. W2017-00780-COA-R3-CV, 2018 WL 5013779, at *3 (Tenn. Ct. App. Oct. 16, 2018). The trial court made no specific finding in its judgment or memorandum opinion concerning whether Ms. Hixson was acting within the scope of her employment when she made the comment at issue.

It is also not clear from the record how the trial court may have differentiated Ms. Lee's general negligence claim from her negligent misrepresentation claim. As this Court has explained concerning the elements of negligent misrepresentation:

> Liability for negligent misrepresentation will result: if defendant is acting in course of his business, profession, or employment, or in transaction in which he has pecuniary interest and if plaintiff establishes that the defendant supplied information to the plaintiff meant to guide others in their business transactions; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information; and the plaintiff justifiably relied on the information. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008).

*Homestead Grp., LLC v. Bank of Tenn.*, 307 S.W.3d 746, 751 (Tenn. Ct. App. 2009).

Prior to closing arguments during trial, the following exchange ensued between the trial court and Ms. Lee's counsel as the trial court sought to clarify the remaining claims:

Trial Court: [T]he intentional or negligent misrepresentation is gone [on summary judgment]. The fiduciary claim in the next paragraph is gone [on summary judgment]. What is the – you say [the County] is guilty of negligence. What's the negligence claim?

Ms. Lee's Counsel: It's the fact that – well, it's the fact that they made misrepresentation.

Trial Court: Which representation?

Ms. Lee's Counsel: First of all, they made the representation about . . . the policy itself. Second of all, they made the representation to her that her retirement would not affect the policy.

The trial court had previously dismissed the negligent misrepresentation claim as barred by the GTLA. *See* Tenn. Code Ann. § 29-20-205(6). In order for the general negligence claim to survive under the GTLA, the trial court would need to explain how it found the claim to be distinguishable from negligent misrepresentation.

15

Finally, in regard to the applicable statute of limitations, the trial court had found in its July 2016 order that if the one-year statute of limitations for negligence under the GTLA were to be applied, an issue of fact remained as to when Ms. Lee knew or should have known that she had suffered injury as a result of her reliance on Ms. Hixson's recommendation. *See* Tenn. Code Ann. § 29-20-305(b) ("The action must be commenced within twelve (12) months after the cause of action arises.").[7] It is undisputed that Ms. Lee's retirement was effective on September 24, 2008. She filed her complaint on October 1, 2009, commencing this action more than one year after she retired. However, pursuant to the discovery rule applicable to the GTLA, Ms. Lee's negligence claim would have been timely if she did not discover or could not reasonably have been expected to discover her injury prior to one year before she filed her complaint. *See Sutton v. Barnes*, 78 S.W.3d 908, 912 (Tenn. Ct. App. 2002) ("The discovery rule provides that the applicable statute of limitations begins to run when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that an injury was sustained as a result of wrongful conduct by the defendant."). Ms. Lee testified that she did not discover the injury until after she retired when she began receiving letters from Mutual of Omaha urging her to apply for Social Security benefits and eventually demanding repayment of long-term disability benefits she had received. Although the trial court expressly found Ms. Lee to be credible in its memorandum opinion, the court was silent in both its final judgment and memorandum opinion concerning the statute of limitations and why it ostensibly found Ms. Lee's claim to be timely.

Because the legal basis for the money judgment awarded to Ms. Lee is not apparent from the judgment and memorandum opinion and because operation of the applicable statute of limitations is unclear, we vacate the trial court's judgment. We remand for entry of sufficient findings of fact and conclusions of law regarding the claims of breach of contract and negligence, as well as for such additional findings of fact as are necessary to determine whether Ms. Lee's claim under the GTLA is time barred.

The County also asserts that "[r]egardless of the legal foundation for the trial court's decision, it is not supported by the evidence." In support of this assertion, the County compares Ms. Lee's trial and deposition testimonies, arguing that in the interplay between the two, it becomes apparent that Ms. Lee did not rely solely on what the trial court found to be Ms. Hixson's "recommendation" of retirement and that Ms. Hixson's comment was not made in any guise of advice. The trial court, however, expressly found Ms. Lee to be highly credible in trial testimony. We emphasize that the trial court's findings as to witness credibility are entitled to great weight on appeal. *See Morrison*,

---

[7] As noted by the trial court in the July 2016 order, if the court had found a contract between the parties and relief possible under a contract theory, Ms. Lee's complaint would have been commenced well within the applicable six-year statute of limitations. *See* Tenn. Code Ann. § 28-3-109(a)(3).

338 S.W.3d at 426; *Jones*, 92 S.W.3d at 838. Moreover, having determined that this matter must be remanded in order for the trial court to clarify the legal theory upon which the judgment is predicated and to make additional findings of fact as necessary, we decline to further address on appeal the County's argument regarding the sufficiency of the evidence.

## V. Involuntary Dismissal

The County also contends that the trial court erred by denying the County's motion for involuntary dismissal. Tennessee Rule of Civil Procedure 41.02(2) provides:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusion of law and direct the entry of the appropriate judgment.

Our review of the trial court's decision to grant or deny a Tennessee Rule of Civil Procedure 41.02 motion for involuntary dismissal is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Boyer v. Heimermann*, 238 S.W.3d 249, 254 (Tenn. Ct. App. 2007) ("This standard is appropriate because the trial court has used the same reasoning to dispose of the motion that it would have used to make a final decision at the close of all the evidence.").

The County argues that the trial court should have granted the motion for involuntary dismissal because the court had orally ruled that no contract existed between the parties and because all tort claims had supposedly been dismissed. Having determined that the trial court did not memorialize its contract ruling in a written order, that the general negligence claim had never been dismissed, and that this case must be remanded for sufficient findings of fact and conclusions of law, we further determine that this issue is pretermitted as moot.

17

## VI.  Conclusion

For the reasons stated above, we vacate the trial court's judgment.  We remand to the trial court for entry of sufficient findings of fact and conclusions of law regarding the legal basis of the trial court's money judgment in Ms. Lee's favor, or, in the alternative, reconsideration of the judgment.  On remand, the final order should include final dispositions of Ms. Lee's claims of breach of contract and negligence and such additional findings of fact as may be necessary to determine whether Ms. Lee's claim of negligence under the GTLA is time barred.  We also remand for collection of costs assessed below.  Costs on appeal are taxed one-half to the appellant, Hamilton County, Tennessee, and one-half to the appellee, Carol Lee.

_____
THOMAS R. FRIERSON, II, JUDGE